## Jocz v. Kness

*Max U. Applebaum,* for plaintiff.

*Ernest Butya* and *A. N. Brunwasser,* for defendant.

THOMPSON, J., December 30, 1955.—This case arose out of a dispute between plaintiff and defendant regarding the property line between their respective homes. The verdict of the jury was in favor of plaintiff in the sum of $300 against both defendants.

We will discuss first the motion for a new trial. Defendant contends that a new trial should be granted because the jury disregarded or misinterpreted the instructions of the trial judge. At the close of plaintiff's case a motion for compulsory nonsuit was made as to Mrs. Esther Kness.

"The Court: I think we will have to grant the motion as far as the wife goes. The motion is granted and exception is taken by Mr. Applebaum."

Other motions were made by counsel for defendant, which were not approved.

When the defense began, the trial judge said to the jury:

"THE COURT: Members of the Jury, during this interval that has taken place, the Plaintiff in this case rested before we had this last recess. The case is Walter Jocz against Albert A. Kness and Esther Kness, his wife. We have concluded that the Plaintiff has not introduced any testimony here which would warrant finding any verdict against the wife, so the wife has been eliminated as a party to the case, and it will continue from now on as Walter Jocz against Albert A. Kness, the sole defendant. The two men are now the only ones involved for further consideration of the case."

The verdict of the jury, as tendered to the trial judge, originally was:

"And now, to wit, June 9, 1955, we, the Jurors empanelled in the above entitled case find the verdict in favor of the plaintiff and award damages in the amount of Three Hundred Dollars, $300.00."

However, the verdict slip now contains in addition to the foregoing three additional words, "against both defendants". The last three words are written in a different handwriting from that of the foreman of the jury and presumably were added by the clerk,

who took the verdict and who had no knowledge that a nonsuit had been granted in favor of the wife. The additional words apparently escaped the observation of the trial judge when the verdict was recorded. This is a situation which the court has the power to correct by remolding the verdict. This action no doubt would have been taken forthwith if the trial judge had been aware of the three additional words at the end of the verdict, and there is no valid reason why the verdict cannot be remolded now and that action will now be taken.

Counsel for plaintiff both in his oral argument and in his brief consented to the molding of the verdict as above set forth and since this action would operate to relieve the wife-defendant of all liability, it is not clear to us how the husband-defendant would be harmed by this action.

Defendant contends that the trial judge committed fundamental error in submitting the question of probable cause in a malicious prosecution action to the jury. When the testimony in the case had been completed, the trial judge on his own motion submitted to the jury the following special question:

"The jury is requested to answer the following question either Yes or No.

"Did Albert A. Kness, the defendant, make a full disclosure to his legal adviser, Ernest Butya, a member of the Bar of Allegheny County, of all the circumstances of which he had knowledge concerning the alleged trespass upon his property by the plaintiff, Walter Jocz, and did he have an honest belief that the plaintiff, Walter Jocz, had trespassed upon his property?"

This question was submitted to the jury after discussion by counsel and the charge of the court bearing on this question alone. The jury's answer to the question was "No". If the jury's answer had

been "Yes", we are of the opinion that it would have been the duty of the trial judge to then give binding instructions to the jury in favor of defendant since it would then appear that defendant had acted upon the advice of counsel in good faith after having made a full disclosure of the facts. Since the answer of the jury was "No", the trial judge then was faced with the difficulty that there were possibly other facts upon which the jury would have to pass before determining finally the question of probable cause.

It is true, as defendant contends, that the question of probable cause is for the court and not for the jury, but there is a qualification to this principle which is recognized not only by our appellate courts but by our text writers as well that where there are disputed facts bearing on the question of probable cause, the jury must first determine these disputed facts.

The trial judge then submitted the question of probable cause to the jury after calling their attention to the answer to the question submitted to them as follows:

"Now, you were asked to pass upon a special question, you have answered that question and your answer has been 'No'. I might say to you now what I did not feel it was proper to say to you at the time, that your answer to this question has some effect upon those propositions of want of probable cause and malice, because the Appellate Courts of this State have said that where a person who regards his person or his property as having been interfered with in some illegal way brings a prosecution, if he does that after, first of all, having consulted legal counsel and having supplied all the facts of the case so far as he knew them to the legal counsel, and if he has done that in good faith, then there is no malice on

his part, or there is no lack of probable cause, and he is justified in bringing the prosecution.

"Now, your answer to that question indicates that, in your view, as I take it, either the defendant here failed to reveal to his counsel all the material facts which he knew about the case or that bore upon this question of trespass, or else that this prosecution was not instituted by him in good faith."

Further, the trial judge said:

"Now, as I stated before, in order to warrant any verdict here in favor of the Plaintiff, you must find that this prosecution was instituted without probable cause and as a result of malice. If there wasn't probable cause, you might find malice in the want of probable cause. If that is your conclusion, if you reach the conclusion that the plaintiff is entitled to recover here, then the question remains, how much is he entitled to recover?"

Defendant now complains that the question of probable cause should not have been submitted to the jury. If his contention had been followed, the trial judge, it seems to us, would have had to instruct the jury that there was a lack of probable cause for the prosecution and this, of course, would have been unfavorable to defendant. Furthermore, it appears from the record that the trial judge did just what he was asked to do by defendant.

Before the charge of the court was delivered, there were six points for special instruction submitted by defendant to the trial judge. The first of these points was for binding instructions and was refused. All the remaining points except the fourth were affirmed. These points were as follows:

"2. If the jury shall find that there was no malice in the institution of the summary proceedings before the Justice of the Peace, the verdict should be for the defendant.

"Answer: Affirmed.

"3. *If the jury shall find that there was probable cause for the institution of the summary proceedings before the Justice of the Peace, the jury should return a verdict for the defendant.* (Italics supplied.)

"Answer: Affirmed.

"5. If the jury should find that the defendant made a full disclosure of the facts and information in his possession to his attorney, and acted upon the advice of his counsel in bringing the summary proceedings, the jury should return a verdict for the defendant.

"Answer: Affirmed.

"6. The presence or absence of probable cause is determined from the circumstances appearing before the trial in the summary proceedings.

"Answer: Affirmed."

Since the trial judge at the request of defendant affirmed point 3, which is above quoted, it seems to us that defendant cannot now reasonably complain of the action of the trial judge in doing what he was requested to do by defendant.

Defendant also complains that the trial judge instructed the jury upon the question of whether plaintiff had been humiliated in any way and that there was no evidence on this point. In the course of his charge the court said in referring to the measure of damages:

"I don't want to undertake to instruct you in the matter, but it would occur to me that there wasn't very much humiliation such as may be involved in a good many criminal charges where the charge is of the rather innocuous character that this one is of trespassing on somebody else's property. But we leave that matter of damages to you, in your sound judgment."

If there was any error in this statement of the trial judge, it was one, we think, that operated against plaintiff rather than defendant.

The motion for a new trial will be refused.

*Motion for Judgment n. o. v.*

Finally, defendant complains that "there was no arrest and thus one fundamental element of malicious prosecution was missing". One of plaintiff's points on which the trial judge was requested to charge the jury was as follows:

"3. When a constable with a warrant touches the person named in the warrant and reads the warrant, a technical arrest is made.

"Answer: Affirmed."

After approving this point the trial judge said:

"I do not recall whether anything was said here about whether the Constable touched Mr. Jocz or not. You will recall that. I should perhaps call your attention to the fact that there is not involved in this case an element of damage that does come in very often in malicious prosecution cases. The plaintiff was not taken away in the custody of the constable; he was told to appear at a certain time at the office of the Justice of the Peace, and he did appear there. He was never under more than what you would call technical custody. He never was committed to the jail or to any place like that for even a moment of time, so that element of damage which crops up in many of these malicious prosecution cases is not involved here."

The instructions of the court on this point, which it seems to us is the only one involved in the motion for judgment n. o. v., were more favorable to defendant than to plaintiff and, considering the charge generally, it seems to us that if it is open to criticism it possibly unduly favored defendant.

The motion for judgment n. o. v. will be refused.